**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: <br><br> Steven Larson, <br><br> Debtor. | Chapter 13 <br><br> Case No. 24-20553 (JJT) <br><br> Re: ECF Nos. 43, 59 |

**MEMORANDUM OF DECISION AND ORDER
OVERRULING DEBTOR'S OBJECTION TO CLAIM 1-1**

Before the Court is the Debtor's Objection to Claim 1-1 (ECF No. 43). Regions Bank d/b/a EnerBank USA (EnerBank) filed proof of claim 1-1 (Claim 1-1) and responded to the Debtor's Objection (ECF No. 59). The Court held a hearing on the Debtor's Objection on November 7, 2024, at which counsel for EnerBank appeared. The Debtor inexplicably did not appear. For the following reasons, the Debtor's Objection is overruled.

1. **Background**

On December 1, 2017, the Debtor entered into an Amended Consumer Note & Disclosure Statement (Note) with EnerBank.[1] EnerBank loaned the Debtor $13,241.40 "to purchase certain goods, equipment and/or services from C-Tec Solar LLC . . . ." With interest, the Debtor agreed to repay EnerBank $32,856.00.

The Debtor filed this Chapter 13 case on June 14, 2024. On July 8, 2024, EnerBank timely filed Claim 1-1 in the amount of $11,172.17, asserting that sum as the balance the Debtor owed EnerBank on the Note.

---

[1] A copy of the Note appears as an attachment to Claim 1-1.

The Debtor asks the Court to disallow Claim 1-1, asserting that the claim is invalid because the Debtor already "tendered credits" to EnerBank to satisfy the balance owed through the filing of Internal Revenue Service Forms 1099-A and 1099-C.[2]

In response, EnerBank contends that there are numerous issues with the Form 1099-A and Form 1099-C that the Debtor filed, including that the parties on the form are listed incorrectly with the Debtor listed as the lender and EnerBank listed as the borrower. Furthermore, EnerBank asserts that it "has not received any 'Treasurer/IRS tax credits/funds' as [the Debtor] assert[s]" and that "upon information and belief, no payments remain unapplied to the Debtor's account." (ECF No. 59).

**2. Jurisdiction**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on

---

[2] Both Form 1099-A and 1099-C are completed by lenders.

The Internal Revenue Service provides the following instructions regarding Form 1099-A, Acquisition or Abandonment of Secured Property: "File Form 1099-A for each borrower if you lend money in connection with your trade or business and, in full or partial satisfaction of the debt, you acquire an interest in property that is security for the debt, or you have reason to know that the property has been abandoned. You need not be in the business of lending money to be subject to this reporting requirement." *Instructions for Forms 1099-A and 1099-C*, INTERNAL REVENUE SERV. (January 2022), https://www.irs.gov/pub/irs-pdf/i1099ac.pdf.

The following instructions are provided regarding Form 1099-C, Cancellation of Debt: "File Form 1099-C, Cancellation of Debt, for each debtor for whom you canceled a debt owed to you of $600 or more . . . ." *Id.* Form 1099-C need only be filed by certain specified entities after an identifiable event has occurred. *Id.*

If you are required to file either Form 1099-A or 1099-C, "you must provide a statement to the borrower" or debtor, respectively, by furnishing a copy of the applicable form or an acceptable substitute statement. *Id.*

reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

3. **Discussion**

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a party in interest objects, it is deemed allowed. 11 U.S.C. § 502(a). An objection must be lodged in accordance with Fed. R. Bank. P. 3007. The objecting party must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (citations omitted). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citations omitted).

Here, the Debtor has not produced sufficient evidence or cognizable legal arguments to refute Claim 1-1. The sole basis for the Debtor's Objection is his contention that he has already somehow paid the debt owed via the filing of Internal Revenue Service Forms 1099-A and 1099-C. The Debtor included those Forms as attachments to his Objection to Claim as evidence that he has allegedly

paid the debt. The Forms were filled out incorrectly, however, listing the Debtor as the lender rather than the borrower. The Forms submitted also have no legal force or effect as evidence of payments. The Debtor has not provided any other evidence supporting his contention that he has already paid the debt owed. He had ample opportunity to provide the Court with such evidence at the November 7, 2024 hearing and inexplicably did not appear or otherwise support his Objection.

Even had the Debtor met his burden, EnerBank's unopposed response to the Objection reaffirms that it has not received the money owed. This response coupled with EnerBank's proffer regarding the establishment of the debt and lien and the Debtor's outstanding balance made at the November 7, 2024 hearing wholly support the conclusion that EnerBank has proven the validity of Claim 1-1 by a preponderance of the evidence.

The Debtor's failure to produce cognizable refuting evidence—coupled with his failure to prosecute the Objection—give the Court no basis to sustain the Objection.

4. **Conclusion**

For the reasons expressed above, the Court OVERRULES the Objection to Claim 1-1.

IT IS SO ORDERED at Hartford, Connecticut this 19th day of November 2024.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut