**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Steven Larson,<br><br>    Debtor. | Chapter 13<br><br>Case No. 24-20553 (JJT)<br><br>Re: ECF Nos. 38, 39, 53, 64 |

**MEMORANDUM OF DECISION AND ORDER
OVERRULING DEBTOR'S OBJECTION TO CLAIM 2-1**

    Before the Court is the Debtor's Amended Objection to Claim 2-1 (ECF No. 38). Freedom Mortgage Corporation (Freedom) filed proof of claim 2-1 (Claim 2-1) and responded to the Debtor's Objection (ECF No. 39). The Debtor subsequently filed a reply to Freedom's response (ECF No. 53). Freedom then filed an Amended Response (ECF No. 64). The Court held a hearing on the Debtor's Objection on November 7, 2024, at which counsel for Freedom appeared, but the Debtor did not appear or otherwise seek to prosecute his Amended Objection, or to offer evidence in support of it. For the following reasons, the Debtor's Objection is overruled.

1. **Background**

    On November 3, 2017, the Debtor entered into a Note and Open-End Mortgage Deed (Mortgage) with First World Mortgage Corporation (First World).[1] First World loaned the Debtor $358,840.00, to be paid back with interest by December 1, 2047. First World assigned the Note to Freedom on November 3, 2017

---

[1] A copy of the Note appears as an attachment to Claim 2-1.

after which the Note was endorsed in blank, and assigned the Mortgage to Freedom on July 13, 2023.

The Debtor filed this Chapter 13 case on June 14, 2024. On August 14, 2024, Freedom timely filed Claim 2-1 in the amount of $379,274.18, asserting that sum as the balance the Debtor owed to Freedom.

The Debtor asks the Court to disallow Claim 2-1, objecting on the basis "that the claim is invalid due to [a] fraudulent assignment, [an] improper notary acknowledgment, [a] lack of standing due to securitization of the loan, and [a] lack of secured status." Specifically, the Debtor contends that the Mortgage was fraudulently assigned because the assignment was executed by Mortgage Electronic Registration Systems, Inc. (MERS), and that MERS acting solely as a nominee cannot transfer the beneficial interest in a mortgage note unless expressly authorized to do so by the noteholder. The Debtor further asserts that the "notary acknowledgement on the assignment is flawed and appears fraudulent," and that, because the loan was securitized, Freedom no longer holds a beneficial interest in the loan and therefore lacks standing to file its proof of claim.

In its first response, Freedom underscores that the Debtor failed to mention that the issues raised in his Objection were already fully adjudicated in a state court foreclosure action that resulted in a final foreclosure judgment. In light of that judgment, Freedom asserts that the Objection is barred by the *Rooker–Feldman* doctrine, as well as the doctrines of res judicata and collateral estoppel.[2]

---

[2] At the hearing on this Objection held on November 7, 2024, the Court took judicial notice of the state court action. That case, *Freedom Mortgage Corp. v. Larson*, Docket No. HHD-CB-23-6172772-S,

2

In response, the Debtor baldly contends, without legal support, that these doctrines do not apply in this instance and reiterates the arguments originally made in his Objection.

In its amended response, Freedom further argues that because the Debtor's response "sought substantive relief" and the Debtor filed an Adversary Complaint in this Court against Freedom (ECF No. 55) "seek[ing] identical relief as in the Amended Objection," Bankruptcy Rule 3007(b) compels the dismissal of the Amended Objection and any further adjudication of the issues raised must proceed in the Adversary Proceeding rather than in the main case itself.[3]

## 2. Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

---

commenced on August 11, 2023. Judgment of Foreclosure by Sale entered on January 8, 2024. No appeal of that adjudication is pending and any applicable appeal period has long since expired. *See supra* note 5.

[3] Bankruptcy Rule 3007(b) states, "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." While the Adversary Proceeding still pends in this Court, it is doubtful that the Debtor's claims can withstand further review given the state court judgment.

3. **Discussion**

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a party in interest objects, it is deemed allowed. 11 U.S.C. § 502(a). An objection must be lodged in accordance with Fed. R. Bank. P. 3007. The objecting party must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (citations omitted). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citations omitted).

Although the Adversary Proceeding is one forum for the litigation of some of the issues raised in this Objection to Claim, the Court today only addresses the issues raised concerning the allowance of that Claim and overrules the Objection on both substantive and procedural grounds to the extent that it attempts to adjudicate issues beyond the allowance of Claim 2-1.

On the merits, the Debtor's Objection is barred by the prior state court final foreclosure judgment. Specifically, the Objection is barred by the *Rooker–Feldman* doctrine, as well as the doctrines of res judicata and collateral estoppel.

The *Rooker–Feldman* doctrine[4] concerns "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine "jurisdictionally bars federal courts from hearing" such cases. *In re Kurimsky*, 2021 WL 4269817, at *5 (Bankr. D. Conn. 2021) (quoting *In re Caires*, 624 B.R. 322, 328 (D. Conn. 2021)). The doctrine applies when: (1) the federal-court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites district court review and rejection of that judgment, and (4) the state court judgment was rendered before the district court proceedings commenced. *Green v. Mattingly*, 585 F.3d 97, 101 (2d. Cir 2009).

Here, all four criteria are met. The Debtor did not prevail in state court and now complains before this Court of injuries caused by that state court judgment and invites this Court to review and reject that judgment. The judgment complained of is a final judgment.[5] The *Rooker–Feldman* doctrine therefore deprives this Court of jurisdiction to further review the state court judgment finding a valid Mortgage and Note and ordering a sale by foreclosure in Freedom's favor.

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

[5] The January 8, 2024 judgment set the sale date for April 6, 2024 at 12 PM. The Debtor did not timely appeal the judgment. The Debtor filed a Motion to Open Judgment on April 1, 2024. The Superior Court granted the Motion on April 3, 2024, reentering judgment and rescheduling the sale for June 15, 2024 at 12 PM.

Similarly, the Debtor's Objection is barred by the doctrine of res judicata. "Res judicata, or claim preclusion, 'express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest.'" *Wheeler v. Beachcroft, LLC*, 320 Conn. 146, 156 (2016) (quoting *Carol Mgmt. Corp. v. Bd. of Tax Review*, 228 Conn. 23, 32 (1993)). "Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue." *Id.*

Here, the Debtor attempts to relitigate Freedom's claim arising out of the Mortgage and Note. As the state court decision involved the exact same parties and resulted in a final judgment on the merits rendered by a court of competent jurisdiction, after the Debtor enjoyed an adequate opportunity to litigate the matter fully, the Debtor's Objection in this Court is barred by the doctrine of res judicata.[6]

---

[6] The state court defendants – the Debtor and his wife – were summoned on August 11, 2023. After the Debtor and his wife failed to appear, Freedom filed a Motion for Default as to both. The state court granted both motions and later granted a Motion for Judgment-Strict Foreclosure on November 7, 2023. The Debtor then filed his Motion to Open on April 2, 2024, which the court granted the next day.

"[A] judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." *Slattery v. Makyut*, 176 Conn. 147, 157 (1978). "Although not every default judgment should have the same issue preclusive effect as an actual adjudication between the present parties, in the interest of judicial economy and repose for litigants, . . . [in] some circumstances . . . it would be appropriate to give issue preclusive effect to a default judgment." *Jackson v. R.G. Whipple, Inc.*, 225 Conn. 705, 717 (1993). "'[T]he appropriate inquiry with respect to both types of preclusion is whether the party had an '*adequate opportunity* to litigate the matter in the earlier proceeding. . . .'" *Id.*, 717–18 (quoting *State v. Ellis*, 197 Conn. 436, 464–65 n. 22 (1985)).

6

Finally, the Debtor's Objection is barred by the doctrine of collateral estoppel. "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." *Aetna Cas. & Sur. Co. v. Jones*, 220 Conn. 285, 296 (1991). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." *Wheeler*, supra, 320 Conn. 157-58. "To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be *identical* to those considered in the prior proceeding." *Id*.

Here, the issues in both proceedings are indisputably identical. The state court proceeding concerned whether Freedom was entitled to foreclose its Note and Mortgage upon the Debtor's property by sale to satisfy the debt owed to it. The issue of whether Freedom had a valid claim against the Debtor arising out of the Note and Mortgage was fully and fairly litigated, and actually decided therein as an integral component of the foreclosure judgment. The Debtor here again seeks to litigate whether Freedom has a valid claim against the Debtor arising out of the Note and Mortgage, despite having litigated this issue in the prior proceeding. This issue was necessary to support the state court's valid and final judgment on the merits and susceptible to a timely appeal if disputed. Accordingly, the Debtor's claim is barred by the doctrine of collateral estoppel.

---

Although Freedom obtained a default judgment against the Debtor in the state court proceeding, the Debtor's Motion to Open demonstrates that he enjoyed an adequate opportunity to litigate the issue in that proceeding.

In sum, the Debtor's Objection is barred by the *Rooker–Feldman* doctrine, as well as the doctrines of collateral estoppel and res judicata.[7] The Debtor has presented neither factual nor legal argument to defeat the operation of these doctrines, which preclude this Court from further review.

### 4. Conclusion

For the reasons expressed above, the Court OVERRULES the Objection to Claim 2-1. Further, any ancillary relief sought by the Debtor in the Objection is DENIED without prejudice to the Adversary Proceeding for the reasons stated herein.

IT IS SO ORDERED at Hartford, Connecticut this 19th day of November 2024.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[7] The Court notes that to consider the Debtor's Objection as assailing the mortgage lien would likewise fail, as the issue of the lien was similarly decided in the state court proceeding. Further, the proper venue for such a challenge, if supportable, would be an adversary proceeding. *See* Fed. R. Bankr. P. 3007(b).