**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Steven Larson, | Case No. 24-20553 (JJT) |
| Debtor. | Re: ECF Nos. 44, 52 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR RELIEF FROM STAY**

Before the Court is a Motion for Relief from Stay (ECF No. 44) filed by Freedom Mortgage Corporation (Freedom) on October 3, 2024. In the Motion, Freedom seeks relief from the automatic stay against the Debtor under 11 U.S.C. § 362(d)(1) and, to the extent necessary, relief from the co-debtor stay under 11 U.S.C. § 1301(a) in order to exercise its nonbankruptcy rights and remedies with regards to real property located at 101 Wendover Road, Suffield, Connecticut ("Property").[1] The Debtor filed his opposition (ECF No. 52) on October 21, 2024, in which he requested that the Motion be denied. The Court held a hearing on the Motion on November 7, 2024, at which counsel for Freedom appeared, but the Debtor did not appear or otherwise prosecute his opposition. The Court took the Motion under advisement. For the following reasons, the Motion is GRANTED.

---

[1] At the hearing on this Motion, held on November 7, 2024, the Court took judicial notice of the related state court action concerning the Property. That case, *Freedom Mortgage Corp. v. Larson*, Docket No. HHD-CB-23-6172772-S, commenced on August 11, 2023. Judgment of Foreclosure by Sale entered on January 8, 2024. No appeal of that judgment is pending.

Under 11 U.S.C. § 362(d):

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1)    for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

After reviewing the docket in the instant case, as well as the docket in the state court action regarding the Property, and hearing Freedom's proffers regarding the Property made at the hearing on November 7, 2024, the Court concludes that 11 U.S.C. § 362(d)(1) has been indisputably met here. The Debtor has failed to make a Chapter 13 plan payment or postpetition mortgage payments, to provide evidence that postpetition tax or insurance payments have been made, and otherwise failed to advance the Chapter 13 case with a feasible plan that recognizes bona fide claims. The Debtor's failures to make any payments on the mortgage and to verify that any tax or insurance payments have been made leaves the Movant without adequate protection under 11 U.S.C. § 361, and thus cause exists to modify the automatic stay. There is additional cause in the Debtor's advancement of spurious and meritless challenges to claims and liens made solely to delay or impede these proceedings. Further, the Debtor has not cognizably responded to Freedom's Motion and its proffers, by his failure to appear at the November 7, 2024 hearing. In his failure to defend, the Court could garner no additional information from him to counter Freedom's contentions that these causes exist under 11 U.S.C. § 362(d)(1).

For the foregoing reasons, it is hereby

ORDERED: Any objections to the Motion are overruled; and further it is

ORDERED: The automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant and/or its successors or assignees, to exercise its rights, if any, against the Debtor and Co-Debtor with respect to the foreclosure of the Property, in accordance with applicable nonbankruptcy law; and further it is

ORDERED: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived for cause shown in the Debtor's legally unsupported and frivolous arguments advanced to hinder, delay, and impede these proceedings, and those pending in the state court.

IT IS SO ORDERED at Hartford, Connecticut this 19th day of November 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut